## LODER v. CANTON (City).

Common Pleas Court, Stark County.

No. 92053.   Decided August 18, 1951.

Joseph L. Hilton, James L. Amerman, Canton, for plaintiff.
Robert P. Wilson, City Solicitor, Canton, for defendant.

## OPINION

By McLAUGHLIN, J.

This action was instituted by plaintiff on behalf of a non-profit veterans organization, seeking a declaratory judgment as to whether or not it would be unlawful under §13064 GC, for said organization to sponsor the playing of "bingo" in Canton. The case is before the court on the agreed statement of facts as follows:

1. Defendant agrees to submit this cause on this statement of facts in reliance on plaintiff's representation that "Bingo" will be conducted by him, not for his profit, nor for the profit of any other person, firm or corporation.

2. "Bingo" will be conducted by plaintiff, not for his profit,

nor for the profit of any other person, firm or corporation on whose behalf this action is brought.

3. Clayton T. Loder is the commander of the United War Veterans of the United States, Post No. 1, incorporated under the laws of the State of Ohio as a corporation not for profit.

4. The United War Veterans of the United States, Post No. 1 has in the past and intends in the future to sponsor the playing of bingo, in a hall on Tuscarawas Street, East, in Canton, Ohio.

5. The game of "Bingo" as sponsored by the plaintiff is a game of cards played as set forth in plaintiff's petition and defendant's answer.

6. All members of the plaintiff's organization are ex-servicemen having an honorable discharge from the Army, Navy, Marines, or Air Corps of the United States, and that plaintiff's organization is conducted as any veterans or fraternal organization.

7. The City of Canton, by its police officers, have warned plaintiff that the conduct of "Bingo" operations by him and said post would be in violation of the law, and has directed plaintiff not to conduct such "Bingo" operations.

8. The City of Canton, Ohio is a municipal corporation organized under the laws of the State of Ohio.

9. There is in full force and effect ordinances of the City of Canton, Ohio, the following to-wit: Sections 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523 of the Code of the City of Canton, Ohio, 1950 which are made a part of this statement of facts as though fully re-written.

The court first turns to the question as to whether it has jurisdiction to make a declaratory judgment of the subject matter of this action. Two sections of the General Code of Ohio; part of the declaratory judgment law to-wit: §12102-2 GC which provides as follows:

"Any person interested under a deed, will, written contract or other writings constituting a contract, **or whose rights, status or other legal relations are affected by a statute, municipal ordinance,** contract or franchise, **may have determined any question** of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." (Emphasis added.)

And §12102-12 GC, which provides as follows:

"**This act is declared to be remedial;** its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and **is to be liberally construed and administered.**" (Emphasis added.)

It is the opinion of this court, in view of the stated purpose of the Ohio Declaratory Judgments Act, that it does have jurisdiction to determine the issues joined in this case, and to render a declaratory judgment thereon.

Turning next to the subject matter of this action, a game of "bingo" as sponsored by plaintiff is a game of cards played as set forth in plaintiff's amended petition, as follows:

"And this game of 'Bingo' as is to be played is a game in which each player is given one or more cards which consists of various lettered numbers arranged in five rows and five columns, and the player wins who first gets a vertical, horizontal, or diagonal row of numbers to correspond with numbers that have been ascertained by mechanically selected numbered and lettered balls from a large glass box with a blower arrangement which blows the numbered balls within the glass box and one falls into a slot from which it is taken and the number and letter is called out by the operator of the blower."

**Article XV, Section 6 of the Ohio Constitution** reads as follows:

"Lotteries, and the sale of lottery tickets for any purpose whatever, shall forever be prohibited in this state."

The constitutional provision above referred to is merely a statement of policy for the State of Ohio, and does not provide any penalty for a violation thereof.

"Although the constitutional provision prohibits lotteries and the sale of tickets, it is not self-executing in that it prescribes no penalty for its violation." **State v. Parker, 150 Oh St, 22,** at **page 25,** 80 N. E. 2d 490, at page 492.

Therefore, in order to make the foregoing constitutional provisions in regard to lotteries operative and effective, it was necessary for the Legislature to enact certain definite criminal legislation. This it has done by the enactment of §13064 GC, as amended in 1943, as follows:

"Whoever, for his own profit, establishes, opens, sets on foot, carries on, promotes, makes, draws or acts as 'backer' or 'vendor' for or on account of a lottery or scheme of chance, by whatever name, style, or title denominated or known, whether located or to be drawn, paid or carried on within or without this state, or by any of such means, sells or exposes for sale anything of value, shall be fined not less than fifty dollars nor more than five hundred dollars and imprisoned not less than ten days nor more than six months."

The Legislature under the above quoted section has, to a certain extent only, made the constitutional provision operative and effective when it made it unlawful for anyone to operate a lottery for his own profit.

The Supreme Court in State v. Parker, supra, decided that this section of the code is constitutional stating:

"Sec. 13064 GC, is not in conflict but, so far as it goes, is in harmony with the provisions of the Constitution referred to. **It does not authorize or give validity to any gambling transaction.** It does impose a fine and imprisonment upon anyone who, in the capacity stated, engages in any of the transactions enumerated in that section 'for his own profit.' "

It is therefore our opinion that under §13064 GC, it is unlawful to operate a lottery in the State of Ohio wherein the operator does so for profit; however, we are also of the opinion that altho the Legislature has not seen fit in said section to define as criminal a situation in which a lottery is operated in this state not for personal profit, it is nevertheless unlawful. It is our further studied opinion that the game of "bingo" is a lottery. Kraus v. City of Cleveland, Ohio, Com. Pl., 94 N. E. 2d 814.

It is contended that the City of Canton and its police officers should be enjoined from arresting bingo operators on the theory that such games are not lotteries, and that such games are not in violation of §13064 GC; however, the game of "bingo" cannot be so operated unless someone individually profits thereby. Certainly, any individual who acts as an employee of any corporation not for profits, and receives pay for his services in any form or in any amount, has violated the above statute. Criminal prosecutions are made against persons and not against corporations. The employees of a corporation not for profit, like the veterans organization in whose behalf plaintiff brings this action, pays its employees. Any injunction which in effect restrains officers from arresting such individuals who receive remunerations for their services can have no basis. to support it either in law or equity.

Moreover, this court takes judicial notice of certain other sections of the General Code, specifically §13054 GC, which makes it unlawful to keep a place for gambling or by the owner who permits it to be so used. **Sec. 13059 GC** makes it unlawful to play any game for money of any value. **Sec. 13065 GC** makes it unlawful to engage in any gambling for a livelihood. **Sec. 13066 GC** makes it unlawful to keep any gambling devices. **Sec. 13068 GC** makes it unlawful to give any publicity to a lottery or scheme of chance.

These latter sections are not modified in any respect, and have been in force for many years, and it is our studied opinion that "bingo" could not be played without violating one or more of them.

It is not our proper function to express any opinion with respect to the moral aspects of either operators or players of bingo. We recognize that many good persons look upon bingo as an innocent and harmless recreation, and the benefits of bingo are frequently applied to worthwhile charitable causes; but in observing bingo operations generally, it may be said that the operator as a general rule, be it an individual or corporation, makes substantial profit therefrom and seeks to circumvent the law itself by making only token donations to charity; and behind the so-called charitable corporations stand the real operators who are commercialized gamblers, reaping great profits from their operations, and it is to be regretted that commercialized gamblers have invaded this field of operations to such an extent that no court in good conscience can render a declaratory judgment, which would make it possible for many good persons, churches and other groups, lodges and other benevolent organizations to engage in this very popular form of recreation, amusement and making money.

As was well said by the Supreme Court of Michigan in the case of the Society of Good Neighbors v. Van Antwerp, 324 Mich. 22, 36 N. W. 2d 308,

"The foundation of court of equity is good conscience, and such court will not lend its aid by way of extraordinary writ of injunction to assist law violators."

Furthermore, it is noted that Section 518 of the ordinances of the City of Canton, reads as follows:

"Wagering upon races, contests of skill, speed or power of endurance of man or beast, **or upon any lottery, 'policy.' or 'number games,' or other scheme of chance by whatever name, style or title denominated,** and the making and recording of such wagers are hereby declared to be detrimental to the morals and welfare of the inhabitants of the city." (Emphasis added.)

and which section is a part of the agreed statement of facts herein. It is unlawful to wager upon any lottery without making any distinction as to whether such wagers are made for profit or not for profit in regard to players or operators.

**Article XVIII, Section 3 of the Constitution of Ohio** reads as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The City of Canton in the valid exercise of its police power has enacted certain ordinances under which it becomes unlawful to conduct lotteries; and specifically under the above

522

Section 518, it is unlawful to conduct the lottery of bingo whether or not it is operated for profit.

It is therefore plain that no injunction could be issued as against the defendant in this case, The City of Canton, because of the admitted existence of this ordinance.

The relief sought herein will be denied.

Defendant will prepare and submit the appropriate journal entry.