Gerald JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

UNITED STATES of America,
Appellant,

v.

Gerald JOHNSON, Appellee.

No. 17146.

United States Court of Appeals
Fifth Circuit.

June 30, 1958.

Rehearing Denied Sept. 9, 1958.

Robert J. Hobby, Wentworth T. Durant, Dallas, Tex. (Durant & Hobby, Dallas, Tex., on the brief), for Gerald Johnson.

Sheldon I. Fink, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, S. Dee Hanson, Robert N. Anderson, Dept. of Justice, Washington, D. C., John C. Ford, Asst. U. S. Atty., Dallas, Tex. (Heard L. Floore, Fort Worth, Tex., U. S. Atty., on the brief), for the United States.

Before HUTCHESON, Chief Judge, and JONES and WISDOM, Circuit Judges.

PER CURIAM.

Plaintiff, taxpayer, brought this suit to recover sums overpaid as taxes and fraud penalties for the years 1941, 1942, and 1943, aggregating $98,970.33.

The United States, in addition to opposing defenses to the suit, filed a counterclaim for deficiencies in income taxes for the years 1944, 1945, and 1946, assessed against the plaintiff on March 21, 1952, aggregating $55,155.90, and plaintiff replied thereto.

Thereafter the issues thus joined were tried to the court without a jury, and, the evidence concluded, the district judge, stating:

"I find there is no merit whatever in the plaintiff's suit here, that he is not entitled to recover anything. The testimony discloses, if there is any amount due from either the plaintiff or the defendant, it is an amount due from the plaintiff and his associates in the partnership and in the corporation to the defendant. But I do not find on the gov-

ernment's cross-claim any right to recover in this suit."

directed entry of the judgment [1] from which these appeals by taxpayer and the United States, respectively, come.

Recognizing the difficulty, indeed the practical impossibility, arising from the failure of the district judge to make findings on the fact issues involved, of coming to grips with the reasoning behind, and the reasons for, the district judge's conclusions, taxpayer thus prefaces his specification and argument of the errors relied on by him for reversal:

"The brevity of Judge Atwell's findings makes it impossible to isolate the specific errors leading up to the erroneous conclusion that ' * * there is no merit whatever in the plaintiff's suit here; that he is not entitled to recover anything * * *.' This being so, appellant is forced to allege as error all possible errors which may have influenced the trial judge in reaching this erroneous conclusion."

In its brief the United States, agreeing with this view, states:

"The sole finding and conclusion of the District Court was that 'there is no merit whatever in the plaintiff's [taxpayer's] suit here; that he is not entitled to recover anything'. There were a number of grounds set forth by the Government as defenses to the taxpayer's suit for refund, and the Government agrees with the statement of the taxpayer that the brevity of the District Court's findings makes it impossible to isolate the grounds upon which the court reached its conclusions. Under such circumstances, where a trial court only states a conclusion without assigning the reason therefor and thus makes it impossible for the Court of Appeals to determine whether appropriate standards have been employed in reaching that conclusion, the appropriate course of action is to remand the case to the trial court for further findings and conclusions. Gilbert v. Commissioner [2 Cir.], 248 F.2d 399, 407–408; Matter of New Haven Clock & Watch Co., [2 Cir.], 253 F.2d 577."

■■ We find ourselves in full agreement with the views thus expressed: that it is the duty of the trial court to deal adequately with and to distinguish with clarity what it finds as fact and what it holds as conclusions of law; and not the duty or the right of this court to make independent determinations; that the district judge has completely failed to make fact findings upon the issues and to adequately state the grounds upon which his decision rests; and that a decision by us on this record, affirming or reversing this judgment, would not be a review by us of the findings of the district court, but in effect an initial determination of them by us.

1. "The above entitled and numbered cause came on for trial before the Court, sitting without a jury, on the 18th day of November, 1957, and came the plaintiff and the defendant, by their attorneys, and announced ready for trial. The Court on this the 19th day of November, 1957, having heard the pleadings, the evidence, and argument of counsel, and being fully advised in the premises, is of the opinion that the law and the facts are with the defendant and against the plaintiff, and that the plaintiff should take nothing by his suit, and the Court being of the further opinion that the law and the facts are with the plaintiff and against the defendant on its cross-complaint and that the defendant should take nothing by its cross-complaint; it is, therefore,

"Ordered, Adjudged and Decreed that the plaintiff, Gerald Johnson, take nothing by his suit against the defendant, United States of America, and it is further

"Ordered, Adjudged and Decreed that the defendant, United States of America, take nothing by its cross-complaint against the plaintiff, Gerald Johnson, and that the parties hereto shall pay their respective costs in this behalf incurred.

"To that action of the Court denying the relief sought by the plaintiff, the plaintiff excepts and to that action of the Court denying the relief sought by the defendant in its cross action, the defendant excepts."

Of the further opinion, however, that in the peculiar circumstances of this case a mere remand of the cause for fact findings will serve no useful purpose, we have concluded to vacate the judgment appealed from and to remand the cause to the district court for trial anew.