**Mahala Ashley DICKERSON, Appellant,**

v.

**Louis Joseph GEIERMANN, Jr., Marilee Geiermann, a/k/a Marilee Johnson, Marvin Johnson, and Jane Johnson, Appellees.**

**No. 90.**

Supreme Court of Alaska.

Jan. 26, 1962.

M. Ashley Dickerson, Anchorage, for appellant.

Russell E. Arnett, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This appeal involves an attorney's claim for compensation for legal services rendered.

The appellant, a practicing lawyer, entered into an attorney-client relationship

with Marilee Geiermann, who was seeking damages for injuries suffered in an automobile accident. It was agreed that appellant's compensation would be one-third of the amount recovered. As a result of her negotiations with an insurance adjuster, the claim was settled for $2,000. The client received the money but she refused to pay the fee agreed upon.

Appellant commenced this action in the district magistrate court to recover $666.66, representing one-third of the $2,000 settlement. She named as defendants not only her client, Marilee Geiermann, but also the latter's husband, Joseph, and her parents Marvin and Jane Johnson—claiming that she had represented them also in effecting the settlement. The case was tried without a jury. The district magistrate found that Marilee had agreed to pay appellant one-third of the amount recovered. But he concluded that he was not bound by that agreement, and that he was authorized to award a fee which was fair under the circumstances of the case. After reviewing the relationship between the parties and the legal services performed, the magistrate determined that fair compensation would be $500, and judgment for that sum was entered in favor of appellant and against Marilee Geiermann. The magistrate also found that at no time had a contractual relationship existed between appellant and Marilee's husband and parents. He accordingly entered judgment in their favor, and awarded each of them

$33.33 as attorneys' fees [1] to be recovered from appellant.

Counsel then appealed to the superior court, where the case was tried de novo.[2] The trial judge ordered that the judgment in the magistrate court be affirmed. But he also ordered that each of the appellees recover judgment against appellant for attorneys' fees in the amount of $131.25. The practical effect of this was to give judgment against appellant in the amount of $525, and thus nullify the judgment which the district magistrate had entered in her favor.

■ We have been asked to review the judgment of the superior court and correct errors allegedly committed by it. At the outset, we are constrained to comment on the quality of appellant's brief. It has been of little assistance to the court. It fails in its primary function, which is to bring together the relevant facts and law in a clear and concise manner so that the court is fully informed of the questions that must be decided.

■■ Another obstacle to a full understanding of the case is the failure of the trial court to make findings of fact and conclusions of law, and thus disclose the basis for its decision.[3] From a review of the record on appeal, which is not complete[4], we might assume that there were at least two issues the trial court was called upon to determine. One was whether an attorney-client relationship existed between appellant and any of the appellees,

1. Civ.R. 82(a) (1) provides that in an action for a money judgment where there is no recovery, there may be allowed for the prevailing party, as part of the costs of the action, attorney's fees in a reasonable amount.

2. Civ.R. 107(a) provides that all appeals from the district magistrate court to the superior court "shall be on the record unless the superior court, in its discretion, shall grant a trial de novo, in whole or in part."

3. Civ.R. 52(a) provides that: "In all actions tried upon the facts without a jury * * *, the court shall find the facts specially and state separately its conclusions of law thereon * * *."

4. Appellant designated for inclusion in the record on appeal only the direct examination of her witnesses and the cross-examination of the appellees' witnesses. It is true that appellees did not avail themselves of the privilege of designating additional portions of the proceedings and evidence to be included in the record on appeal. Supreme Ct.R. 9 (a). But it is the appellant's obligation to see to it that all matters essential to the decision of the questions presented by the appeal be included in the record on appeal [Supreme Ct.R. 9(d)], and we are doubtful from what we see in the record that this has been done.

Louis Geiermann, Marvin Johnson, or Jane Johnson. The district magistrate found that no such relationship had been created, and allowed appellant's judgment to go against Marilee Geiermann only, and not the others. Presumably, this action by the magistrate was based on the general rule that the right of an attorney to recover compensation depends upon an attorney-client relationship created by contract, express or implied.[5] Assuming that this was one of the issues in the court below, the trial judge ought to have determined from the evidence whether any such contract came into existence; whether it could be inferred (absent an express contract) that appellant had also been employed by one or more of the other parties and was working to advance their interests, as well as the interests of Marilee Geiermann.

A second question which may have been involved was whether Marilee's husband and parents, or any of them, became obligated to pay appellant's compensation independently of a contract, express or implied in fact. This question would be controlled by equitable principles which underlie the common law action in assumpsit for money had and received.[6] If this were one of the questions presented, the superior court ought to have decided whether the evidence disclosed a state of facts which, measured by equitable standards, would have entitled appellant to the recovery which she sought. This would have necessitated a consideration of whether Marilee's husband or parents received any proceeds from the $2,000 paid to her, or any substantial benefits therefrom, in such circumstances that as a matter of good conscience and justice they also should be held responsible for appellant's compensation.

■■ It is the duty of a trial court to deal adequately with and state with clarity what it finds as facts and what it holds as conclusions of law.[7] The findings and conclusions should be so explicit as to give this court a clear understanding of the basis for the decision made.[8] But the court should do more than that; it should also disclose what the decision was. Here we are even uncertain as to that. In so many words the trial judge affirmed the judgment of the district magistrate court, the effect of which had been to permit appellant to recover $525 from her client.[9] But then he effectively wiped out the benefit of that judgment by allowing each of the four appellees to recover from appellant certain attorneys' fees which, by co-incidence or otherwise, came to the total sum of $525. In this state of the record, we do not know whether the superior court intended to affirm or to reverse the judgment of the district magistrate.

Where the trial court has failed to comply with Civil Rule 52(a), the normal practice would be for us to remand the case for appropriate findings of fact and conclusions of law.[10] But in the special circumstances of this case, where the judgment itself cannot be understood, we feel that a mere remand for fact finding would serve no useful purpose. We have decided instead to vacate the judgment and return the case to the superior court for a new trial.[11]

5. King v. The Fish Factory No. 1, 132 F.Supp. 858, 862 (E.D.N.C.1955), aff'd Jett v. Merchants and Planters Bank, 228 F.2d 156 (4th Cir. 1955).

6. Stone v. White, 301 U.S. 532, 534–535, 57 S.Ct. 851, 81 L.Ed. 1265, 1269 (1937).

7. Johnson v. United States, 256 F.2d 849, 850 (5th Cir. 1958).

8. Irish v. United States, 225 F.2d 3, 8 (9th Cir. 1955).

9. The principal amount of the damages awarded to appellant was $500. She was also allowed costs and attorney's fees in the sum of $125. This total of $625 was offset by the attorneys' fees of approximately $100 that she was obliged to pay the other appellees, leaving her a balance of $525.

10. Irish v. United States, 225 F.2d 3, 8 (9th Cir. 1955); Graham v. United States, 243 F.2d 919, 923 (9th Cir. 1957).

11. Cf. Johnson v. United States, 256 F.2d 849, 851 (5th Cir. 1958).