**NORDIN CONSTRUCTION COMPANY, Inc., and Associates, Nordin Construction Company, Inc., and Lester D. Bronson, Appellants,**

v.

**WHITNEY BROTHERS PLUMBING AND HEATING, INC., Appellee.**

**No. 878.**

Supreme Court of Alaska.

May 27, 1968.

Dale R. Martin, of Allen, DeGarmo & Leedy, Seattle, Wash., Stephen S. DeLisio, of Merdes, Schiable, Staley & DeLisio, Fairbanks, for appellants.

Charles E. Cole, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

NESBETT, Chief Justice.

Appellants were the successful bidders for a contract to construct a dormitory facility for the United States at Nome, Alaska. Appellee furnished the indemnity bond required before appellants could accept the contract. The agreement the parties entered into in connection therewith is now before us for construction. The pertinent paragraphs state:

(1) The aforesaid contract when entered into shall be performed in the name of Nordin Construction Co., Inc. and Associates. Nordin Construction Company and Associates agree that all liabilities and obligations insured in connection with the work under said contract, and all other undertakings, rights and privileges arising thereunder shall be discharged as herein set forth under the terms and conditions of this agreement.

\* \* \* \* \* \*

(3) Whitney Brothers Plumbing and Heating, Inc. shall receive the net sum of $85,000.00, to be paid in same percentage as progress payments received by Nordin Construction Co., Inc., and Associates, the aforesaid amount will be compensation for indemnification of said project by Whitney Brothers Plumbing and Heating, Inc., for Bond #326–19–36.

\* \* \* \* \* \*

(6) The purpose and intent of this agreement is to create a relationship for other indemnifications and for carrying out said ·contract for the construction of Dormitory Facilities, Nome, Alaska, and the carrying out thereof shall be considered a separate undertaking from any other operations.

As a result of its suit for the balance due it under the provisions of paragraph 3 above, appellee recovered judgment for the sum of thirty thousand dollars plus interest, costs and attorney's fees.

At the trial appellee, through its only witness, George Whitney, showed that the contract had been signed by agents for both parties; that appellee had signed an indemnity agreement for the Nome project; that appellants had received all of the progress payments but had paid appellee only $53,930. Cross examination by appellants brought out the fact that after demand by appellants, appellee had refused to agree to furnish an indemnity bond for a construction project in Kodiak on which appellants desired to bid. Appellee rested its case and appellants' motion to dismiss was denied. Appellants rested their case and renewed their motion to dismiss, which was overruled by the court's findings and judgment.

■ Appellants' statement of points on appeal contain seventeen allegations of error, most of which are considered to have been abandoned since they have not been discussed in the brief.[1] Appellants have disregarded so many of the briefing requirements of Supreme Court Rule 11 that their brief has been of limited assistance to the court.

The controlling point on appeal appears to be appellants' claim that the trial court erred in failing to find that appellee breached the contract when it refused to agree to indemnify a construction project in Kodiak, Alaska upon which appellants desired to bid.

The facts which focus on this point are recited in certain of the trial court's findings which state:

3. Plaintiff and defendant executed a written instrument dated 16 of August, 1965, by the terms of which in parts material to this action, Plaintiff undertook and promised to furnish indeminification (sic) for the construction project known as the "Nome Dormitories" and engage in other indemnifications, in consideration of Defendants' promise to pay the sum of $85,000.00 therefor.

4. Plaintiff, in accordance with the provisions of paragraph 3, executed an indemnification bond with Reliance In-

1. Veal v. Newlin, Inc., 367 P.2d 155, 157 (Alaska 1961).

surance Company for the Nome Dormitory project for which the defendant joint venture was awarded the contract.

5. Defendant joint venture paid plaintiff $53,390.00 under the agreement.

6. On a date which was not shown, Nels Nordin asked plaintiff to indemnify a job in Kodiak which Nordin wanted to bid. Plaintiff refused to execute an indemnity bond on the proposed project because at that time the joint venture owed plaintiff approximately $31,000.00 on the agreement mentioned in paragraph 3 hereof, because plaintiff did not believe Nordin was financially sound at the time, because plaintiff did not usually bid in the Kodiak area, and because plaintiff felt that it had no obligation under the agreement to indemnify any certain job.

7. On the date of the request the defendant joint venture owed plaintiff approximately $31,000.00 in past due payments under such agreement.

8. On April 12, 1966, Nels Nordin had a conversation with Victor E. Jones, his insurance broker, concerning the balance due plaintiff for the indemnity made by plaintiff to Reliance Insurance. During this conversation Nordin said that Whitney Brothers were going to be paid the balance due of approximately $30,000.00 and that he wished they would be patient.

Such conversation related to the balance owing plaintiff under the agreement introduced into evidence herein as Exhibit A and the amount which Nordin said plaintiff would be paid was approximately $30,000.00.

9. The intention of the parties was to create divisible contractual relationships whereby Defendant was obligated to pay the entire sum of $85,000.00 before Plaintiff became obligated to perform his promise to furnish other indemnifications.

Appellants' argument has been developed to a considerable extent around the premise that paragraph 3 of the contract,[2] providing for the progressive payment of $85,000 by appellant, is ambiguous, and that appellee failed in its duty to introduce evidence sufficient to establish its full meaning. Appellants seem to argue that they were not behind in their payments when appellee refused to agree to indemnify the Kodiak job and that appellee's refusal was therefore a breach of its obligation under paragraph 6 of the contract. The argument then examines various assumptions and advances interpretations of the contract in support of appellants' position.

We hold that the trial court did not err in finding that appellee did not breach the contract when it refused to agree to indemnify the Kodiak project.

Paragraph 6 of the agreement announces two purposes for the contract. The first purpose is that of creating a relationship between the parties which would lead to the formation of other indemnification agreements. The second purpose is that of carrying out the Nome project, which was to be considered a separate undertaking.

The first stated purpose is not a promise to indemnify any other project which appellants might be interested in bidding. It is the expression of an intent that appellants' construction of the Nome facility and appellee's indemnification thereof would create such a relationship of mutual confidence that other similar indemnification agreements could be entered into in the future. The stated purpose is to "create" a relationship for other indemnifications—it can not be construed as a pronouncement that such a relationship already existed.

Paragraph 3 of the agreement is not ambiguous.[3] It requires appellants to pay

2. Quoted on page 2 of this opinion.

3. In Pepsi-Cola Bottling Co. v. New Hampshire Ins. Co., 407 P.2d 1009, 1013 (Alaska 1965), this court held that where there is no ambiguity the interpretation of a contract is a question of law.

a total of $85,000 to appellee in progress payments and then clearly states that

> * * * the aforesaid amount will be compensation for indemnification of said project by Whitney Brothers Plumbing and Heating, Inc., for Bond #326–19–36.

thus negating any inference that the payment of $85,000 was to be any part of the consideration for other indemnifications. "Other indemnifications" would need to be the subject of other agreements.

■ Since we have held that paragraph 6 of the contract does not contain a promise by appellee to enter into other indemnifications, no question of divisibility is raised by the facts. The trial court's Finding No. 9 is erroneous and should be deleted. To the extent that they are inconsistent with our holding on this point other findings of the trial court must be modified.

Appellants next argue that because appellee actually executed its indemnification agreement for the Nome project over ten months before the contract before us was executed, and approximately seven progress payments had been made by appellants prior to the execution of the contract in question, there was no consideration for appellants' promise to pay, since past consideration is no consideration.

■■ We do not agree. The fact that appellants pleaded failure of consideration as a counterclaim instead of as an affirmative defense, as required by Civil Rule 8(c),[4] does not relieve them of the obligation of proving the affirmative defense by a preponderance of the evidence. This appellants failed to do. In fact, they rested their case without putting on any proof whatsoever. Nor was failure of consideration established by the evidence presented by appellee. We find no error on this point.

■ The proof presented by appellee was sufficient to establish a prima facie case. The testimony of George Whitney established execution of the indemnity agreement, although the exact date of execution was not apparent from the certified copy; that the parties were operating under the terms of the agreement now in question and that appellants owed a balance of approximately $31,000. Counsel for appellants stipulated that appellants had made progress payments totalling $53,930 during July and November of 1965 and February and March of 1966, believing that the contract here in question was binding upon appellants. Under this state of the proof the trial court did not err in refusing to dismiss appellee's action for failure to establish a claim.

The judgment is affirmed.

---

4. Civil Rule 8(c) states:

    *Affirmative Defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.