**Verna EUWER, d/b/a Children's House, Appellant,**

v.

**CITY OF PALMER, Appellee.**

**No. 3449.**

Supreme Court of Alaska.

Dec. 23, 1977.

---

James H. Ottinger, M. Ashley Dickerson, Inc., Anchorage, for appellant.

Paul W. Waggoner, Bliss & Holmes, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

RABINOWITZ, Justice.

Appellee City of Palmer filed a complaint against appellant Verna Euwer in district court to recover sales taxes alleged to be due and owing under the City's sales tax ordinances. Euwer answered, denying all allegations and asserting that the complaint failed to state a claim upon which relief could be granted. At the time set for trial in district court, Euwer appeared without counsel. During that proceeding the parties stipulated that the accrued taxes—"including principal, penalty and interest" as of the trial date—amounted to $1,838.02. Judgment was thereafter entered in favor of the City of Palmer in the amount of $2,332.53.[1]

Euwer appealed to the superior court and argued that the City of Palmer's sales tax ordinances' exemption scheme deprived her of equal protection under both the United States and Alaska constitutions. The superior court affirmed the district court's decision, stating in part:

> The only issue on appeal is whether the exemption scheme written into the Palmer sales tax deprives appellant of the equal protection of the laws in violation of the State and Federal constitutions.

.    .    .    .    .

> While I find some inconsistency between this approach and that suggested in *Kingery v. Chapple* and *Isakson*, it is clear that each of the eighteen exemptions granted by the Palmer City Council to its sales tax can be rationalized under the *Reefer King* analysis, and consequently I have reconsidered my tentative decision [to remand for an evidentiary hearing to determine whether a rational basis for the sales tax exemptions existed] and concluded that the decision of the District Court should be upheld.[2]

Euwer filed an appeal from the superior court's affirmance of the district court's judgment. Euwer's arguments in the instant appeal are at best obscure. Appellant apparently contends that *Isakson v. Rickey*, 550 P.2d 359 (Alaska 1976), and *State v. Reefer King Co., Inc.*, 559 P.2d 56 (Alaska 1976), require that tax legislation meet the *Isakson* test[3] and that such test cannot be

---

1. The judgment represented the accrued taxes, penalty and interest, plus costs and attorney's fees.

2. The "approach" to which the superior court referred is that portion of our opinion in *State v. Reefer King Co., Inc.*, 559 P.2d 56, 66 (Alaska 1976), where we said, in part:

   > The state may legitimately encourage, through tax incentives or exemptions, industries or types of industries which it considers desirable, and this method of encouragement does not deprive other taxpayers, who did not qualify for the benefit, of their equal protection rights. (footnote omitted)

   The citations of the other decisions mentioned by the superior court in the quote are *Isakson v. Rickey*, 550 P.2d 359 (Alaska 1976), and *Kingery v. Chapple*, 504 P.2d 831 (Alaska 1972).

3. In *Isakson v. Rickey*, 550 P.2d 359 (Alaska 1976), we explained that the traditional "rational basis" test—part of the two-tiered formulation of equal protection doctrine—no longer would be applied by this court in evaluating equal protection problems. Under the test announced in *Isakson*, a compelling state interest must be shown where the challenged legislation involves a suspect classification or a constitutionally fundamental right; this portion of the *Isakson* approach is identical to the traditional "compelling state interest" test. However, where this "strict scrutiny" standard is inappropriate, the legislation must be reasonable, not arbitrary and must bear a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. This portion of the *Isakson* approach provides a less deferen-

met unless the taxing body provides a rational basis for differential tax treatment "by facts which are particularized and clear," *i. e.,* by showing "a concrete reason." What little substantive argumentation we are able to glean from appellant's briefs leaves us unpersuaded that any error was committed by the superior court in affirming the district court's judgment.

We think it appropriate to reiterate some observations this court made in *Dickerson v. Geiermann,* 368 P.2d 217, 218 (Alaska 1962). There we said, in part:

> [W]e are constrained to comment on the quality of appellant's brief. It has been of little assistance to the court. It fails in its primary function, which is to bring together the relevant facts and law in a clear and concise manner so that the court is fully informed of the questions that must be decided.

tial and more demanding standard than the traditional "rational basis" test.
> We also explained:
> > [W]e will no longer hypothesize facts which would sustain otherwise questionable legislation as was the case under the traditional rational basis standard. . . . This new standard will . . . close the wide gap between the two tiers of equal protection by raising the level of the lower tier from virtual abdication to genuine judicial inquiry.
> *Id.* at 362–63.

4. *Compare Nordin Const. Co. v. Whitney Bros. Plumbing & Heating, Inc.,* 441 P.2d 122 (Alaska 1968); *Parks v. Brown,* 368 P.2d 220 (Alaska 1962). In these cases we made the point that the briefing of a particular specification of er-

Appellant's briefing leaves us uninformed as to the nature of her business, the precise exemption or exemptions (among the 18 exemptions provided by the City's sales tax ordinance) which she contends violate equal protection, and the manner in which application of the sales tax ordinance to appellant's business deprived her of the equal protection of the laws.[4] We further note that we consider appellant's designation of record inadequate in that the record we have sheds even less light on the subject than appellant's briefs.[5]

Affirmed.

ror can be so cursory that this court will not consider the point.

5. In *Dickerson v. Geiermann,* 368 P.2d 217, 218 n. 4 (Alaska 1962), we said, in part:
> But it is the appellant's obligation to see to it that all matters essential to the decision of the questions presented by the appeal be included in the record on appeal, and we are doubtful from what we see in the record that this has been done.
*See also McBride v. State,* 368 P.2d 925, 927 n. 11 (Alaska 1962). Appellate Rule 9(d) provides that "[a]ll matters essential to the decision of the questions presented by the appeal must be included in the record on appeal . . . ."