**F. T. WETZEL, Intervenor,**

**Champion Oil Company, Inc., an Alaska Corporation, Appellants,**

**v.**

**Charles F. HERBERT, Commissioner, and Thomas E. Kelly, former Commissioner, Department of Natural Resources, F. J. Keenan, Director of Division of Lands and the State of Alaska, Appellees.**

**No. 3423.**

Supreme Court of Alaska.

May 19, 1978.

F. T. Wetzel, pro se, intervenor.

Jeffrey B. Lowenfels, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellees.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and MATTHEWS, Justices, and DIMOND, Justice Pro Tem.

### OPINION

PER CURIAM.

Intervenor F. T. Wetzel appeals from the superior court's grant of summary judgment in favor of the State of Alaska in a case which culminated with this court's opinion in *Champion Oil Company, Inc. v. Herbert,* Opinion No. 1621 (Alaska May 5, 1978) 578 P.2d 961. The relevant facts are summarized in *Champion Oil Company, Inc. v. Herbert, supra;* earlier procedural history of the case appears in a previous decision of this court, *Champion Oil Company, Inc. v. Herbert,* 552 P.2d 670 (Alaska 1976), which did not reach the merits of the dispute. An abbreviated summary of facts is sufficient to clarify the posture of Wetzel's appeal.

Champion Oil instituted suit in superior court to challenge the state's rejection of its bids on seven tracts which were part of the State of Alaska's 23rd Competitive Oil and Gas Lease Sale conducted in September 1969. The state subsequently moved for summary judgment. After the state had filed its motion but prior to the superior court's decision, Wetzel moved to intervene pursuant to Civil Rule 24.[1] In support of

---

1. Rule 24, Alaska Rules of Civil Procedure, provides, in part:

> (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

his motion to intervene, Wetzel alleged that he had represented Champion Oil Company, Inc. for approximately two years in litigation associated with the instant case—litigation which had led directly to the superior court's consideration of the merits. He also argued that his one-third contingent fee contract with Champion Oil Company, Inc. was an interest which would be protected inadequately by existing parties. In addition, Wetzel alleged that he might be bound by any judgment entered in the action and that questions of fact and law were identical with respect to both Champion Oil's case and his interest. Prior to ruling on the state's motion for summary judgment, the superior court granted Wetzel's motion to intervene.[2] Intervenor Wetzel participated in the proceedings before the superior court. Following the superior court's decision granting summary judgment in favor of the state, Wetzel appealed and filed briefs in this court.

The primary effect of the superior court's judgment was to affirm the decision of the Commissioner of Natural Resources and the Director of the Division of Lands that acceptance of Champion Oil's bids would not be "in the best interest of the State of Alaska." We have considered the points raised by Wetzel on this appeal,[3] and we affirm the superior court's grant of summary judgment for the reasons stated in *Champion Oil Company, Inc. v. Herbert,* Opinion No. 1621 (Alaska May 5, 1978) 578 P.2d 961.

Affirmed.

BURKE, J., not participating.

(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common.

2. The superior court's order was filed December 3, 1976. The correctness of the superior court's order permitting Wetzel to intervene is not before us on this appeal.

3. Intervenor Wetzel argued three points on appeal: the superior court erred in granting the state's motion for summary judgment; the superior court's order deprived appellants of property without due process of law; and the

superior court's order denied appellants equal protection of the laws.

The issues raised by Wetzel concerning the appropriateness of the superior court's grant of summary judgment are substantially similar to those we addressed in *Champion Oil Co., Inc. v. Herbert,* Op.No.1621 (Alaska May 5, 1978) 578 P.2d 961. Further, we note that intervenor's due process and equal protection arguments in the instant case are briefed inadequately. *See Euwer v. City of Palmer,* 572 P.2d 436, 437–38 (Alaska 1977); *Dickerson v. Geiermann,* 368 P.2d 217, 218 (Alaska 1962).