**HAROLD'S TRUCKING, Appellant,**

v.

**Dale W. KELSEY, Appellee.**

**No. 3695.**

Supreme Court of Alaska.

Oct. 6, 1978.

---

Roger H. Beaty and J. Michael Robbins, Cole, Hartig, Rhodes, Norman & Mahoney, Anchorage, for appellant.

Timothy R. Byrnes, Carl J. D. Bauman, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

BOOCHEVER, Chief Justice.

Appellee Dale Kelsey was a truck driver employed by appellant Harold's Trucking. Kelsey was a member of Local 959 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, which had entered into a collective bargaining agreement with Harold's. Kelsey was injured in an on-the-job accident on or about December 4, 1974.[1]

Kelsey filed a complaint alleging that he was able to return to work on March 18, 1975, and that Harold's refused to give him work until May 27, 1975. Kelsey requested relief under paragraph 11 of article XVII of the Line Drivers' Agreement with Harold's, which provides:

> In the event an employee is not dispatched on a trip or worked in his rightful position of seniority, he shall be compensated in the amount that was earned by the employee who was worked in his stead, unless otherwise mutually agreed upon by both the Union and the Employer.[2]

Kelsey asked for compensation from Harold's for the amounts earned by Harold's employees with less seniority than Kelsey, who had worked in Kelsey's place for the ten-week period of March 18, 1975, to May 27, 1975.

On October 4, 1976, Kelsey moved for partial summary judgment as to Harold's liability. Harold's filed a cross-motion for summary judgment on the grounds of Kelsey's failure to exhaust his administrative remedies and failure to seek arbitration. On January 28, 1977, Judge Moody denied both motions.

Trial began June 30, 1977, before Judge Kalamarides. At the close of the morning session of the first day of trial, after Kelsey had called two witnesses, the parties stipulated in open court to continue the trial and submit the matter to arbitration pursuant to Harold's union contract.

Arbitration resulted in a unanimous award to Kelsey of ten weeks' back pay at $388.53 per week for ten weeks, for a total award of $3,885.30. On stipulation of the parties, the arbitrators' award of $3,885.30 was confirmed by the court on September 7, 1977, except for the questions of prejudgment interest and attorney's fees.

Subsequently, on September 8, 1977, Judge Kalamarides entered an order awarding Kelsey, as the prevailing party, $600.00 attorney's fees. The court did not award prejudgment interest.

Harold's contends on appeal that the superior court erred by denying Harold's motion for summary judgment and by finding that Kelsey was the prevailing party and thus entitled to attorney's fees.

Neither of Harold's contentions has merit. We will not entertain the argument that the superior court erred by denying Harold's motion for summary judgment since the right to appeal from this interlocutory order was waived by stipulating to

---

1. The accident is not the subject of the present appeal.

2. It was established at arbitration that Kelsey was the number two employee on the seniority list.

arbitration and by stipulating to judgment confirming the arbitrators' award.[3]

 With respect to the attorney's fees award, we note that ordinarily attorney's fees are not awarded where matters are submitted to arbitration.[4] This is consistent with the strong public policy favoring arbitration,[5] which would be seriously undercut if a party could obtain attorney's fees merely by filing a complaint as an initial step in the arbitration process.[6]

 This is not the situation presented here. The testimony of Roger Harris, business agent for the Teamsters, discloses that Kelsey made frequent inquiries of Harris concerning his back wages. Harris testified that Harold's dispatcher denied that Harold's was doing any hauling during the period for which Kelsey claimed back wages. The business agent further testified that he was denied access to payroll records; that a letter of grievance, a letter of arbitration and a notice of economic action mailed to Harold's were returned unopened; and that, ultimately, pickets were placed outside Harold's place of business. Harris' efforts were terminated when Kelsey hired his own attorney. Thus, it appears that Harold's denied the union representative the very information necessary to determine the legitimacy of Kelsey's claim.

The attempt by the union to secure arbitration was frustrated when the demand was returned unopened.[7]

On the facts of this case, we hold that Kelsey was justified in filing his complaint in superior court and that the appeal from the award of $600.00 in attorney's fees is without merit.

AFFIRMED.

---

3. A consent judgment, under the generally-accepted rule, is not subject to appellate review. *Gravel v. Alaskan Village, Inc.*, 409 P.2d 983, 986 (Alaska 1966). If Harold's had wished to contest the superior court's denial of his motion for summary judgment, an appropriate procedure would have been a petition, for review by this court pursuant to Appellate Rules 23 and 24.

4. *See* AS 09.43.100, which provides:
   *Fees and expenses of arbitration.* Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award. (emphasis added)
   We find it unnecessary to decide whether the Uniform Arbitration Act, AS 09.43.010–.180, is applicable to the labor-management contract at issue in this case. *See* AS 09.43.010. The provisions of the Act cited in this opinion are referred to by analogy only.

5. We have many times noted that the law of this state favors arbitration. *See International Brotherhood of Teamsters, Local 959 v. King*, 572 P.2d 1168, 1173 (Alaska 1977); *Arctic Contractors, Inc. v. State*, 564 P.2d 30, 45 n.31 (Alaska 1977); *Modern Construction, Inc. v. Barce, Inc.*, 556 P.2d 528, 529 (Alaska 1976); *University of Alaska v. Modern Construction, Inc.*, 522 P.2d 1132, 1139 (Alaska 1974); *Nizinski v. Golden Valley Electric Association, Inc.*, 509 P.2d 280, 283 (Alaska 1973).

6. We have, however, affirmed an award of attorney's fees under AS 09.43.140 where an application to the superior court for confirmation of an award was opposed. *See Anchorage Medical and Surgical Clinic v. James*, 555 P.2d 1320, 1324 (Alaska 1976). In the instant case, the parties stipulated to confirmation.

7. Harold's does not contend that the demand was mailed to an incorrect address.