**Patricia LEGGE, Appellant,**

v.

**Albina E. GREIG, Appellee.**

No. S–5787.

Supreme Court of Alaska.

July 29, 1994.

Rehearing Denied Sept. 23, 1994.

Thomas R. Wickwire, Fairbanks, for appellant.

Blake H. Call, Guess & Rudd, Fairbanks, for appellee.

Before MOORE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and BRYNER, J. Pro Tem.*

*OPINION*

BRYNER, Justice, Pro Tem.

Patricia Legge appeals the trial court's order denying her motion to confirm a settlement agreement in a civil action. Albina Greig responds that Legge has no right to appeal the issue, because Legge voluntarily dismissed her case. We find that Legge has failed to adequately brief the voluntary dismissal issue and accordingly conclude that she has waived her right to appeal.

I.  FACTS

Patricia Legge (Legge) joined her husband, Earl, and their son, James, in a suit seeking compensation from Albina Greig for personal injuries Earl and James sustained

---

* Sitting by assignment made under article IV, section 16 of the Alaska Constitution.

in an automobile accident with Greig and for the resulting loss of consortium to Legge. Greig offered to settle the claims in December 1992. Earl and James Legge made no attempt to accept the settlement offer; Legge did. Greig, however, refused to honor Legge's attempted acceptance and withdrew the offer.

Legge then moved for confirmation of the settlement. Superior Court Judge Ralph R. Beistline denied Legge's motion, stating, "It does not appear that there was a 'meeting of the minds' sufficient to confirm settlement."

After the court denied her motion to confirm the settlement, Legge filed a "Conditional Dismissal of Patricia Legge's Claim," wherein she purported to dismiss her claim while reserving "the right to appeal the Order Denying Motion to Confirm Settlement." Greig objected, pointing out that, under Alaska Civil Rule 41(a),[1] Legge had no right to dismiss her case without obtaining either a stipulation from Greig, Civil Rule 41(a)(1), or approval of the court subject to "such terms and conditions as the court deems proper." Alaska R.Civ.P. 41(a)(2).

Greig expressly refused to stipulate to a dismissal under Civil Rule 41(a)(1). Greig further argued that a voluntary dismissal amounted to a waiver of the right to an appeal and that, for this reason, if the court ordered dismissal pursuant to Civil Rule 41(a)(2), the dismissal should not be conditioned on allowing Legge to appeal. In reply, Legge refused to concede that she had no right to dismiss her claim unilaterally, that is, without stipulation or court approval; Legge nevertheless asked that "her Notice of Dismissal be treated as a motion in order to

satisfy Rule [41(a)(2)], assuming it applies, but disagrees that it does."

At a subsequent hearing, the trial court informed Legge that it would dismiss her claim with prejudice. However, the court expressly declined to approve Legge's attempt to reserve the right to appeal, indicating that the propriety of her right to appeal was an issue for the appellate courts. For the record, Legge stated that she was not "waiving [her] point earlier which [was] dismissal with reserv[ation of] the right to appeal," but otherwise did not object to the court's proposal to enter an order of dismissal with prejudice. In response to Legge's statement for the record, the court stated: "I understand you are not waiving it, but ... I'm not saying you're right or wrong in that regard."

Thereafter, the superior court dismissed Legge's case with prejudice. Upon concluding the proceedings involving the remaining plaintiffs, the court entered judgment against Legge and awarded Greig costs and attorney's fees in the amount of $8,840. Legge appeals, seeking review of the superior court's order denying her motion to confirm the settlement. Greig opposes, asserting waiver.

## II. DISCUSSION

■ One who acquiesces to a dismissal with prejudice waives the right to an appeal. *See Singh v. State Farm Mut. Auto. Ins. Co.,* 860 P.2d 1193, 1197 (Alaska 1993); *Harold's Trucking v. Kelsey,* 584 P.2d 1128, 1129–30 & n. 3 (Alaska 1978). This is the usual rule. Legge does not dispute it.

■ Legge plainly acquiesced to the superior court's dismissal of her claim with preju-

---

1. Civil Rule 41 provides:

    **(a) Voluntary Dismissal—Effect Thereof.**

    (1) *By Plaintiff—By Stipulation.* [A]n action may be dismissed by the plaintiff without an order of the court: [a] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or [b] by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits

    when filed by a plaintiff who has once dismissed in any court of this state, or of any other state, or in any court of the United States, an action based on or including the same claim.

    (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

dice and expressed her willingness to litigate, on appeal, the propriety of her reservation of the right to challenge the court's ruling on the issue of settlement. There can be no question of Legge's having been misled by her opponent or the court in choosing this course of action. Greig expressly declined to stipulate to a dismissal conditioned on Legge's reservation of appellate rights, specifically arguing that Legge was seeking "to preserve a 'right' [she did] not possess through a pleading which has no basis in the Civil Rules." The superior court informed Legge in unmistakable terms that it would dismiss her case with prejudice but was unwilling to condition the dismissal on her unilateral reservation of appellate rights. The court repeatedly stated that the propriety of Legge's purported reservation would be a matter for the appellate courts. Legge plainly accepted dismissal on these terms.[2]

In agreeing to the unconditional dismissal of her case, Legge necessarily undertook the burden of establishing on appeal her basis for claiming an exception to the general rule that a voluntary dismissal amounts to a waiver of the right to appeal.

Yet Legge has made no meaningful effort to meet this burden. Legge addresses the issue only in her reply brief; there, her discussion consists of three short paragraphs of conclusory argument and one paragraph containing a cursory discussion of *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974)—the only authority Legge cites or addresses.

*Cooksey* permitted a defendant in a criminal case to enter a plea of no contest to an indictment while reserving the right to appeal a potentially dispositive pretrial ruling. *Id.* at 1255–57. The case is inapposite in the context of a civil case, particularly one in which the attempted reservation of appellate rights is by the plaintiff, the party who is vested with the affirmative duty to proceed and who presumably exercises ultimate control over the litigation, rather than by the defendant, who is in a defensive posture and who, particularly in a criminal case, has virtually no ability to control the destiny of the case.

Moreover, even if the rule adopted in *Cooksey* were applied to Legge's case, it would not justify Legge's purported reservation of the right to appeal. In *Cooksey*, the defen-

**2.** The superior court certainly would have had no authority to enter a voluntary dismissal against Legge under Civil Rule 41(a)(2) if Legge's motion to dismiss had been conditioned on the trial court's approval of her proposal to reserve her right to appeal. But Legge's statements and actions below make it apparent that her motion to dismiss was not so conditioned. Although the transcript of the hearing in which discussion of this issue occurred is hardly a model of clarity, we think it clear beyond cavil that Legge's counsel fully understood the court's position—that the court was willing to dismiss Legge's case but would not pass on the propriety of her unilateral reservation of the right to appeal, an issue the court deemed appropriate for decision by the appellate courts—and that Judge Beistline fully understood Legge's position—that she insisted she did have the right to reserve her appellate rights unilaterally and was willing to take her chances at convincing the appellate courts on the issue.

At no point in the proceeding did the court indicate any intent to dismiss Legge's claim without her acquiescence. Nor did Legge argue at any point that she had a right, as a precondition of dismissal, to have the trial court pass on the propriety of her reservation of appellate rights. Legge voiced no objection whatsoever to the trial court's unconditional dismissal of her claim; and the record reveals no basis for Legge to have

concluded that an objection would have been futile had she disagreed with the court's proposal to order dismissal without passing on the propriety of reserving appellate rights.

Neither on appeal nor below has Legge questioned the validity of the order dismissing her case. Indeed, Legge does not even acknowledge that her case was dismissed by an order of the trial court. In both of her briefs on appeal, Legge expressly describes the dismissal of her cases as having resulted from her own action rather than as a result of the court's order of dismissal. Thus, in her opening brief, Legge states that "she [Legge] dismissed her claim ... specifically reserving this issue;" and in her reply brief, Legge argues that, "[b]y dismissing her claim with prejudice ... then appealing the final judgment based on the dismissal, Patricia [Legge] used the correct means available to appeal the denial of her motion to confirm the settlement." Legge's characterization of her dismissal is fully in keeping with her original assertion below that she had the unilateral right not only to reserve the right to appeal but also to dismiss her own case without either stipulation or court approval, as well as with her grudging request for the court to order her case dismissed pursuant to Civil Rule 41(a)(2) if the court disagreed with that position. Given the totality of the record, we think it fair to conclude that Legge acquiesced to the unconditional dismissal.

dant expressly made his plea of no contest contingent on his ability to preserve his right to an appeal. The parties negotiated the entry of the conditional plea, and the trial court approved the procedure, accepting the plea subject to the contingency of the defendants' being allowed to appeal. *Id.* at 1254–55. On its face, *Cooksey* would appear to require agreement by the state and approval by the court. Here, by contrast, Legge claims an absolute right to reserve her appellate remedy unilaterally—without agreement by her opponent or approval by the court. Because Legge's dismissal was entered with neither the stipulation of Greig nor the approval of the court, it would not satisfy the *Cooksey* requirements.[3]

■ "Appellate briefs should be crafted to serve their primary purpose 'which is to bring together the relevant facts and law in a clear and concise manner so that the court is fully informed.'" *Kiester v. Humana Hosp. of Alaska, Inc.,* 843 P.2d 1219, 1227 n. 8 (Alaska 1992) (quoting *Dickerson v. Geiermann,* 368 P.2d 217, 218 (Alaska 1962)). An issue given only cursory treatment in a brief will be treated as abandoned. *Petersen v. Mut. Life Ins. Co.,* 803 P.2d 406, 410 (Alaska 1990). Legge's cursory briefing of a significant and potentially difficult jurisdictional issue leaves this court virtually no informed basis for meaningful appellate review. We conclude that Legge must be deemed to have abandoned the argument that her right to appeal survived the dismissal with prejudice entered below.

The judgment is AFFIRMED.

MATTHEWS, Justice, with whom RABINOWITZ, J., joins, dissenting.

The rule of law that should govern this case is that a judgment resulting from a voluntary dismissal is appealable where the dismissal was solicited in order to expedite review of a prior order which disposed of the only claims that the appellant wishes to pursue. This is the rule of law employed in the federal courts. *Empire Volkswagen, Inc. v. World–wide Volkswagen Corp.,* 814 F.2d 90, 94–95 (2nd Cir.1987); *Studstill v. Borg Warner Leasing,* 806 F.2d 1005 (11th Cir.1986). *See* 9 James W. Moore, et al., *Moore's Federal Practice* ¶ 110.13[1], at 153 (1986). The policy on which this rule is based is that it is wasteful to require a party to go to trial on claims the party is willing to concede in order to preserve the party's right to appeal claims which have already been decided. This rule should apply to this case because the only claim Legge wished to pursue when she solicited the dismissal was her claim to enforce the terms of the settlement.

In my view Legge's briefing is not so cursory as to justify this court's refusal to apply the foregoing rule. Legge's failure to address the appealability issue in her opening brief is understandable as the trial court had not made an adverse ruling on it. Legge's discussion in her reply brief refers to the approach taken by this court in criminal law cases. That analogy is not exact, but it is reasonable as the policy reasons for a "*Cooksey*"[1] plea in a criminal case are similar to those underlying the voluntary dismissal-appeal procedure discussed above. As we stated in *Cooksey,* "it would be wasteful of legal resources" to require the defendant to "undergo a full trial for the mere sake of preserving the right to appeal" the trial court's earlier ruling on the defendant's motion to dismiss. 524 P.2d at 1256. We also noted a reluctance "to establish a rigid rule

---

3. In terms of the reasoning we employed in *Cooksey,* these differences are potentially crucial. In allowing the defendant in *Cooksey* to pursue his appeal, we reasoned that, given the conditional nature of the no contest plea, the state's agreement to the conditional plea, and the court's approval of it, a refusal by this court to honor the defendant's reservation of his right to appeal would necessarily have rendered his plea involuntary. *Cooksey,* 524 P.2d at 1255. No similar reasoning could conceivably apply here, for Legge accepted dismissal unconditionally, over express opposition by Greig and fully understanding that the trial court did not approve her

purported reservation of the right to appeal. Under the circumstances, denial of the right could have no effect on the voluntariness of the tactical decision Legge made in procuring the dismissal of her claim.

1. So named because *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974), was the first in a line of cases allowing criminal defendants to appeal trial court rulings after entering nolo contendere pleas. *See* C. Pengilly, *Post–Plea Appeal of "Dispositive" Issues,* 5 Alaska L.Rev. 221 (1988).

requiring a defendant to undergo the costly and futile ordeal of a complete trial" to preserve the right to appeal a ruling on a pretrial motion. *Id.* at 1255–56. Similarly, Legge argues that "there are no efficiency or fairness arguments favoring Greig's position that, after the trial court denied Patricia's motion to confirm, she should have been required to go to trial solely to preserve her appeal right."

I would proceed to review this case on the merits of the question whether the court erred in not enforcing the settlement contract. On the merits I think a remand is in order so that the court can hold an evidentiary hearing on factual issues pertaining to whether Greig's offer was conditional on acceptance by all three plaintiffs.