**DISTRIBUTEL, INC., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. S–7157.**

Supreme Court of Alaska.

Jan. 3, 1997.

Rehearing Denied Feb. 27, 1997.

Carl J.D. Bauman, Hughes, Thorsness, Gantz, Powell & Brundin, LLC, Anchorage, for Appellant.

Daveed A. Schwartz, Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

MATTHEWS, Justice.

Distributel, Inc., sells advertising products imprinted with the name of businesses or political candidates. It makes numerous sales by calling potential or former customers over the telephone.

This case was initiated when the State filed a complaint charging that Distributel had made telephone sales in Alaska without registering as a telephonic seller under AS 45.63.010,[1] a provision of the Telephonic So-

---

1. AS 45.63.010 provides:

 (a) A person may not sell or attempt to sell property or services by telephonic means if the person makes substantially the same offer on substantially the same terms to two or more persons, unless the telephonic seller is registered with the Department of Law at least 30 days before the solicitation campaign.

 (b) To register under (a) of this section, a person shall file with the department

 (1) a notice of intent to engage in a solicitation campaign; a separate notice of intent shall be filed for each solicitation campaign;

 (2) an irrevocable consent appointing the department the person's agent for the receipt of service of process in a court action or other proceeding against the person, or the successor in interest of the person, for a violation of this chapter; and

 (3) a signed statement that the person has read and will comply with this chapter and the regulations adopted under this chapter.

 (c) Registration under (b) of this section is not complete until the telephonic seller receives an acknowledgement from the department that the seller has complied with (b) of this section.

 (d) The notice of intent must be on a form provided and established by the department by regulation. The notice of intent must include detailed information about the nature of the solicitation campaign and the identity and

licitation Act (the Act). After a temporary restraining order and preliminary injunction were issued, the parties stipulated to the entry of a permanent injunction which enjoined Distributel from selling by telephone in Alaska without first registering in accordance with the terms of the Act. The injunction also provided that permission of the court would be required for Distributel to operate in Alaska through the "mail order sales" exemption expressed in AS 45.63.080(14).[2] Finally, the injunction provided that "all issues in the above-titled litigation are hereby resolved."

Distributel then filed a motion seeking permission to "operate as a mail order telephonic seller under the 'catalog exemption' of AS 45.63.080(14)." The State opposed this motion. In response, the superior court entered an order which provided, in part, that Distributel could not initiate calls to Alaska customers under the catalog exemption. Instead, Distributel was limited to receiving calls from customers responding to Distributel's catalog.

Distributel appeals from this order, claiming that the court erred in interpreting the mail order catalog exemption and, alternatively, that the application of the statute to Distributel is unconstitutional. We affirm the superior court's order.

 "[A] sale or attempted sale ... of property from a mail order catalog that is published on a regular, periodic basis, and that describes or pictures the items for sale and prominently provides the specific price of each item" is exempt from the registration requirement of the Act. AS 45.63.080(14). The superior court interpreted this exemption as not encompassing sales initiated by a telephone call from a seller following the seller's delivery of a mail order catalog to consumers. In our view, this is a reasonable interpretation of the statutory phrase "sale ... from a mail order catalog." The superior court's interpretation tracks the normal course of mail order catalog sales. It also comports with the manifest purpose of the Act, which is to prevent unregistered telephone marketeers from making unsolicited sales calls over the telephone. Moreover, it is consistent with the mail order catalog exclusion in a federal act having a similar purpose.[3] Finally, this interpretation is consonant with the legislative history of the Act.[4]

 Distributel argues that the superior court's order governing mail order catalog sales violates numerous state and federal constitutionally guaranteed rights. This argument has been waived. Each of the constitutional questions posed by Distributel was placed in issue by it in its answer to the original complaint. They were resolved by

business practices of the telephonic seller, including information on the employees, agents, and officers affiliated with the telephonic seller. The notice of intent must disclose criminal convictions, civil judgments, orders, consent decrees, or administrative determinations involving allegations of unfair or deceptive business practices by the telephonic seller.

 (e) A person may not provide false information in a notice of intent.

2. AS 45.63.080(14) provides:

 This chapter does not apply to a sale or attempted sale

 ....

 (14) of property from a mail order catalog that is published on a regular, periodic basis and that describes or pictures the items for sale and prominently provides the specific price of each item[.]

3. The Federal Trade Commission has excluded from the definition of "telemarketing" under the federal Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101–08, the

solicitation of sales through the mailing of a catalog which: Contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone *but only receives calls initiated by customers in response to the catalog* and during those calls only takes orders without further solicitation.

16 CFR 310.2(u) (1996) (emphasis added).

4. The Assistant Attorney General who was credited by the sponsor of the Act as having worked extensively to develop it, testified before a Senate committee that "the bill would not apply to transactions where the customer initiates the telephone call, provided that it is not in response to a specific request that the customer initiate the call."

the stipulated permanent injunction. *See Singh v. State Farm Mut. Auto. Ins. Co.*, 860 P.2d 1193, 1197 (Alaska 1993) (citing *Harold's Trucking v. Kelsey*, 584 P.2d 1128, 1129–30 & n. 3 (Alaska 1978)).[5]

The order of the superior court is AFFIRMED.

---

5. Distributel makes several other arguments. They are without merit and need not be addressed.